

The following constitutes
the order of the court. Signed November 7, 2017

*/s/ Stephen Johnson*
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VICTOR BATINOVICH,<br><br>Debtor. | Case No. 17-52444-SLJ<br>Chapter 11 |
| VICTOR BATINOVICH,<br>              Plaintiff.<br>v.<br><br>THOMAS P. TUTTLE and<br>CATHERINE M. TUTTLE,<br>             Defendants. | Adv. No. 17-5088-SLJ |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER OR
PRELIMINARY INJUNCTION OR
ALTERNATIVELY IMPOSE THE AUTOMATIC STAY**

On November 6, 2017, Plaintiff/Debtor filed a Complaint for Injunctive Relief ("Complaint"), a Motion for Temporary Restraining Order or Preliminary Injunction Preventing the Foreclosure of Plaintiff's Real Property (sic) in the alternative Reimposition of

ORDER DENYING INJUNCTIVE RELIEF    1

1 the Automatic Stay ("Motion") and an Application for Order Shortening Time, requesting a
2 hearing on the Motion on November 8, 2017, because of a pending foreclosure scheduled by
3 the Defendants on November 9, 2017.[1]  The Motion suffers from various substantive defects
4 as discussed below and will be denied.

Debtor filed the underlying bankruptcy case on October 5, 2017.  Because Debtor had one previous bankruptcy case pending that was dismissed within one year of this case, the automatic stay expired thirty days from the petition date, which was November 4, 2017, unless Debtor obtained an order extending the stay.  *See* 11 U.S.C. § 362(c)(3).  Debtor filed a motion to extend the automatic stay ("Stay Motion") on October 17, 2017, using the notice and opportunity for hearing procedure.  *See* BLR 4001-2 and 9014-1(b)(3).  Defendants filed a timely opposition to the Stay Motion on October 31, 2017.  Because Debtor was required to give at least five days of notice for a hearing, Debtor was unable to have the Stay Motion heard prior to the expiration of the automatic stay.  *See* BLR 4001-2(d)(2)(B).  Debtor filed this Adversary Proceeding on November 6, 2017.

Although Debtor could have requested a temporary restraining order on an *ex parte* basis, Debtor did not do so.  *See* Fed. R. Civ. P. 65(b), as incorporated by Fed. R. Bankr. P. 7065.  Instead, Debtor requested an expedited hearing on less than three days of notice under BLR 9006-1, but Debtor did not allege any exigent circumstances, which is a requirement if a motion is to be heard on less than three days notice, when Debtor knew the automatic stay would expire upon Defendants' filing of their opposition on October, 31, 2017.  *See* BLR 9006-1(c).

Section 105(a) of the Bankruptcy Code provides the bankruptcy court with authority to enter a stay in actions not covered by the automatic stay of § 362. *In re Watson*, 78 B.R. 232, 235 n. 3 (B.A.P. 9th Cir. 1987).  More specifically, "Section 105(a) contemplates injunctive relief in precisely those instances where parties are pursuing actions pending in other courts that threaten the integrity of a bankrupt's estate." *In re Canter*, 299 F.3d 1150,

---

[1] Neither the Complaint nor the Motion contains an adversary caption identifying the plaintiff and defendants.

ORDER DENYING INJUNCTIVE RELIEF        2

1155 (9th Cir. 2002). In this respect, the Ninth Circuit has set out the standard for granting a § 105(a) preliminary injunction staying an action against a non-debtor. *In re Excel Innovations, Inc.,* 502 F.3d 1086 (9th Cir. 2007).

However, the court's power under § 105(a) is not unfettered. The court must exercise its equitable powers in a manner consistent with the provisions of the Bankruptcy Code and cannot use § 105(a) to achieve results not contemplated by the Code. *See In re American Hardwoods, Inc.*, 885 F.2d 621, 625 (9th Cir. 1989)("While endowing the court with general equitable powers, section 105 does not authorize relief inconsistent with more specific law." (citations omitted)); *In re Golden Plan of California, Inc.,* 829 F.2d 705, 713 (9th Cir.1986); *In re Fesco Plastics Corp,* 996 F.2d 152, 154 (7th Cir.1993) (court may not employ its equitable powers to achieve result not contemplated by the Code).

Courts are not in agreement on whether § 105(a) can be used to stay a creditor's action after the automatic stay has terminated. *Compare, e.g., In re Lattin*, 461 B.R. 832 (Bankr. D.Nev. 2011)(Section 105 injunction available after expiration of automatic stay under § 362(c)(3) if debtors can satisfy the traditional requirements for injunctive relief) *and In re Nemee*, 2012 WL 8143358 (Bankr. E.D.Cal. 2012)(Exercise of § 105 power to impose stay after the automatic stay was terminated by court order pursuant to § 362(d) conflicts with the Bankruptcy Code).

In this case, it is clear that the injunctive relief requested is intended to replace the automatic stay, which terminated by operation of law under § 362(c)(3). To impose a stay here directly conflicts with the creation, mechanism, and purpose of § 362(c)(3), where Congress created specific procedures and grounds upon which the automatic stay could be extended. *See In re Williams*, 346 B.R. 361, 370 (Bankr. E.D.Pa. 2006)("if a debtor seeks to extend the stay beyond thirty days as permitted by section 362(c)(3)(B), it is incumbent upon him to insure that his motion is filed and heard within the thirty-day window."). Alternatively, even assuming the court has the authority to impose a stay pursuant to § 105(a) and it is proper to do so under the circumstances, Debtor has not shown he is entitled to one under the injunctive relief factors.

ORDER DENYING INJUNCTIVE RELIEF 3

The Ninth Circuit recognizes two sets of standards for evaluating claims for injunctive relief: the "traditional test" and the "alternative test." *Am. Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983). The traditional equitable criteria includes the following factors: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest (in certain cases). *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). The alternative test "permits the moving party to meet its burden by demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." *Watt*, 714 F.2d at 965.

The first prong of the traditional injunction standard is whether the Debtor can demonstrate a reasonable likelihood of success on the merits, which in this case means whether Debtor has shown reasonable likelihood of a successful reorganization. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 (9th Cir. 2007)(discussing the injunctive relief factors when seeking a stay against non-debtors). Although the court is not required to determine whether a plan is confirmable, the court must determine that Debtor has shown a reasonable likelihood of being able to confirm a plan.

Debtor's argument on this point focused on his changed circumstances since his last case, citing to his declaration in support of the Stay Motion. In other words, Debtor was arguing the likelihood of success of his Stay Motion. That is not the standard. Debtor did not argue or provide any evidence that there is a reasonable likelihood of confirming a plan. Debtor's Schedules I and J also do not show a reasonable likelihood of success in the reorganization. *See Opposition to Motion by Debtor for Order Extending Full Automatic Stay,* Docket No. 25 in main case, ¶ 5. The schedules show a net income of -$9,435. Debtor's monthly income of $1,955 would not even covered the monthly payment of $3,912 owed on the senior mortgage. To the extent Debtor seeks to refinance, Debtor did not give any evidence that such prospects are likely. Merely because Debtor wants to retain his real

ORDER DENYING INJUNCTIVE RELIEF 4

property for a perceived reorganization does not mean that reorganization has a reasonable likelihood of success.

The second prong is whether Debtor has shown he is likely to suffer irreparable harm. The test is whether more than nominal equity exists in the property that would inure to the benefit of the Debtor. *In re Rinard*, 451 B.R. 12, 23 (Bankr. C.D.Cal. 2011). Debtor argued that he has over $890,000 in equity in his residence, but his schedules show approximately $555,000 in equity after subtracting the secured debts against the property, none of which was listed as disputed. This factor favors Debtor.

As for the balance of hardships, the court must identify the harms which a preliminary injunction might cause to defendant and weigh them against plaintiff's threatened injury. *Excel Innovations*, 502 F.3d at 1097 (citations and internal quotation marks omitted). Debtor argued that his hardship would be severe as he would lose his home whereas the hardship to Defendants would be slight because they are protected by the equity cushion. However, Debtor failed to recognize that Defendants would be prohibited from any collection efforts. The delay is not just a few months but rather indefinitely while Debtor attempts to reorganize, as Debtor did not propose any terminating deadline for the injunction. Given that Debtor has not shown *any* likelihood of reorganization, I cannot find that the hardship "tips sharply" in Debtor's favor.

Given the analysis above, a determination of the public interest component of the standard is not necessary. Debtor has not established that injunctive relief is proper against Defendants.

Lastly, Debtor requested the imposition of the automatic stay, despite the fact that he failed to notice his Stay Motion for hearing.[2] Numerous courts have held that unless the hearing was completed within the 30-day period imposed by § 362(c)(3), the automatic stay terminates by operation of law on the 30th day and cannot be extended. As one bankruptcy

---

[2] The Stay Motion was doomed when it was filed twelve days after commencement of this case, leaving Debtor with no time to set a hearing if an opposition was received. Debtor did not explain why he waited to file the Stay Motion.

ORDER DENYING INJUNCTIVE RELIEF        5

court explained, "Section 362(c)(3)(A) is self-executing and serves to terminate the stay 'on the 30th day after the filing of the later case.' Under Section 362(c)(3)(B), if a party in interest desires the continuation of the stay beyond that period, then a motion to extend automatic stay must both be filed *and granted* 'after notice and hearing completed before the expiration of the 30-day period.'" *In re Tubman*, 364 B.R. 574, 580 (Bankr. D.Md. 2007)(emphasis added); *see also, e.g., In re Moreno*, 2007 WL 4166296 (Bankr. E.D.Cal. 2007). Even where a debtor files the motion before expiration of the thirty-day period, the court must still complete a hearing before the thirty-day period expires. *In re Norman*, 346 B.R. 181, 183 (Bankr. N.D.W.Va.2006).

In this case, the automatic stay expired by operation of law on November 4, 2017. Because Debtor did not have the Stay Motion heard before that date, the court lacks authority to impose the automatic stay.

For these reasons, the Motion is DENIED.

IT IS SO ORDERED.

*** END OF ORDER ***

COURT SERVICE LIST

ECF NOTIFICATIONS ONLY